IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY B. DONAHUE, | No. 4:25-CV-00241 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| KATHY BRITTAIN, | |
| Respondent. | |

## MEMORANDUM OPINION AND ORDER

### JUNE 10, 2025

On July 2, 2024, petitioner Kelly B. Donahue filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this Court, in which he collaterally challenged his 2003 convictions and sentences imposed by the Court of Common Pleas of Clearfield County, Pennsylvania.[1] That petition was transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) and 28 U.S.C. § 2241(d), as Clearfield County and the District Attorney for Clearfield County (who would be responding to Donahue's habeas petition) are both located in the Western District of Pennsylvania.[2]

---

[1] *See Donahue v. Brittain*, No. 4:24-cv-01119, Doc. 1 (M.D. Pa. July 2, 2024). Donahue's petition was received by the Court on July 8, 2024, but was dated by Donahue as being placed in the prison mailing system on July 2, 2024. *See id.* at 15; *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011) (explaining operation of "prisoner mailbox rule").

[2] *See id.*, Doc. 10; 28 U.S.C. § 118(c).

Several months later, Donahue filed a second Section 2254 petition in this Court.[3] In his second petition, Donahue attempted to challenge the Pennsylvania Parole Board's June 24, 2024 decision to deny him parole.[4] Donahue's second Section 2254 petition, however, was dismissed for lack of jurisdiction because Donahue had not obtained permission from the appropriate court of appeals to file a second or successive Section 2254 petition.[5]

On February 10, 2025, Donahue lodged yet another Section 2254 petition in this Court, again challenging prior action by the Pennsylvania Parole Board.[6] This third Section 2254 petition, like his second Section 2254 petition, must be dismissed for lack of jurisdiction.[7]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes strict limitations on filing second or successive habeas corpus petitions in federal court.[8] Of particular relevance for Donahue's instant petition, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed" unless the petitioner can satisfy one of two narrow exceptions.[9] Those exceptions are either

---

3  *See Donahue v. Brittain*, No. 4:24-cv-01982, Doc. 1 (M.D. Pa. Nov. 15, 2024).
4  *See id.*, Doc. 1 at 1, 5; Doc. 4 at 1.
5  *See id.*, Doc. 6.
6  *See generally* Doc. 1.
7  *See* 28 U.S.C. § 2254 Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").
8  *See generally* 28 U.S.C. § 2244.
9  *Id.* § 2244(b)(2) (emphasis added); *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

(1) reliance on a previously unavailable "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court"; or (2) new facts that could not previously have been discovered by due diligence which would establish "by clear and convincing evidence that, but for constitutional error," no reasonable juror would have found the petitioner guilty.[10]  However, even if a petitioner can potentially meet one of these exacting preconditions, they must first "move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive] application."[11]

    Donahue's third Section 2254 petition challenging a decision by the Pennsylvania Parole Board does not align with the usual circumstances where such a petition would not be considered a "second or successive" petition within the meaning of 28 U.S.C. § 2244(b).  Normally, a state prisoner will collaterally attack their underlying conviction and sentence through a Section 2254 petition, and that petition will be filed (and often adjudicated) before the prisoner has had an opportunity to seek parole.  Later, parole will be sought and denied (or revoked), and the prisoner will then file a new Section 2254 petition challenging some aspect of that parole board decision.  This literal second-in-time petition, however, is not considered a "second or successive" petition under 28 U.S.C. § 2244(b) because

---

[10] 28 U.S.C. § 2244(b)(2)(A)-(B).
[11] *Id.* § 2244(b)(3)(A).

3

the challenge to the parole board's decision was not previously available and thus could not have been asserted in the earlier Section 2254 petition.[12]

Not so with Donahue's instant petition. Donahue's third petition attempts to collaterally attack a Parole Board decision entered on March 3, 2022.[13] Yet Donahue did not file his first Section 2254 petition until July 2, 2024.[14] Thus, Donahue "could have raised this [parole board] challenge . . . in his first habeas petition,"[15] but he did not. Donahue, moreover, "cannot claim that he was somehow excused from raising the parole claim simply because his first petition challenged his trial and conviction rather than the administration of his sentence."[16]

To the extent Donahue may argue that he did not include the instant Parole Board challenge in his first Section 2254 petition because he was attempting to exhaust state remedies on that claim,[17] that argument fails. "[T]he sole fact that the new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission."[18]

Furthermore, this Court explicitly provided Donahue with the opportunity to withdraw his initial Section 2254 petition and file an *all-inclusive* petition raising

---

[12] *See Benchoff v. Colleran*, 404 F.3d 812, 817-18 (3d Cir. 2005).
[13] *See* Doc. 1 at 5-10, 15.
[14] *See Donahue v. Brittain*, No. 4:24-cv-01119, Doc. 1 (M.D. Pa. July 2, 2024).
[15] *Benchoff*, 404 F.3d at 817.
[16] *Id.* at 819.
[17] *See, e.g.*, Doc. 1 at 15-16.
[18] *See Benchoff*, 404 F.3d at 820 (quoting and agreeing with *Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003)).

all claims for relief.[19]  That notice expressly warned Donahue of the strict limitations on filing second or successive Section 2254 petitions and urged him to "carefully consider whether the current habeas petition raises all grounds for relief[.]"[20]  On August 6, 2024, Donahue rejected this opportunity and chose to have his initial Section 2254 petition ruled on as filed.[21]

Thus, under the AEDPA, this Court does not have jurisdiction to entertain Donahue's instant Section 2254 petition, as that petition is an unauthorized second or successive application within the meaning of Section 2244(b).[22]  If Donahue desires to press a new post-conviction claim in this Court in a second or successive Section 2254 petition, he must first obtain authorization from the United States Court of Appeals for the Third Circuit before filing such a petition.[23]  Therefore, because it is clear that subject matter jurisdiction is lacking, the instant Section 2254 petition will be dismissed.[24]

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Donahue's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice for lack of subject matter jurisdiction.  The Court declines to transfer Donahue's petition

---

[19] See *Donahue v. Brittain*, No. 4:24-cv-01119, Doc. 5 (M.D. Pa. July 30, 2024) (citing, *inter alia*, 28 U.S.C. § 2244(b)(3)(A)).
[20] *Id.* at 2.
[21] *See id.*, Doc. 6.
[22] *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).
[23] 28 U.S.C. § 2244(b)(3)(A).
[24] *Burton*, 549 U.S. at 157; *Benchoff*, 404 F.3d at 820-21.

        to the court of appeals, as the petition does not appear to meet the strict gatekeeping requirements of 28 U.S.C. § 2244(b)(2).

2. A certificate of appealability shall not issue, as Donahue has not made a substantial showing of the denial of a constitutional right, s*ee* 28 U.S.C. § 2253(c)(2), or that "jurists of reason would find it debatable" whether this Court's procedural rulings are correct, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

3. The Clerk of Court is directed to CLOSE this case.

                                BY THE COURT:

                                *s/ Matthew W. Brann*
                                Matthew W. Brann
                                Chief United States District Judge